CARL G. STIFEL, TRUSTEE, ESTATE OF OTTO F. STIFEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6470.     Promulgated August 9, 1927.

Debts, not ascertained to be worthless and charged off as such on decedent's books during the taxable period, can not, when later ascertained to be worthless, be claimed as a deductible allowance in computing net income of the decedent for said taxable period.

*W. G. H. Kessler, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

The Commissioner determined a deficiency of $1,155.24 in the income tax of Otto F. Stifel for the period January 1, 1920, to August 18, 1920, the date of his death.

The trustee insists the Commissioner erred in computing decedent's taxable net income in refusing to allow as a deduction certain alleged worthless notes aggregating $61,500.32.

### FINDINGS OF FACT.

Carl G. Stifel is a resident of St. Louis, Mo., and is the trustee of the estate of Otto F. Stifel, deceased, who was also a resident of St. Louis.

Otto F. Stifel was an officer and the owner of 149 shares of the 450 shares of the capital stock of the One Wheel Truck Co., a Missouri corporation. During the period April 17, 1918, to June 23, 1920, he advanced said corporation $61,500.32, taking therefor the notes of the corporation. The One Wheel Truck Co. was not a success and at the date of the death of Otto F. Stifel the corporation's liabilities exceeded its assets. Although this situation existed early in 1920 the decedent continued to make advances to the corporation during the year 1920 prior to his death for the purpose of finishing certain merchandise so that it could be disposed of together with certain other merchandise which the corporation had on hand. The balance sheet of the One Wheel Truck Co. at August 31, 1920, was as follows:

| ASSETS | | LIABILITIES | |
|---|--:|---|--:|
| Cash | $436.98 | Bills payable due Otto F. Stifel, deceased | $61,500.32 |
| Bills receivable | 680.00 | Bills payable due others | 91,555.87 |
| Accounts receivable | 2,914.53 | Accounts payable | 4,348.92 |
| Furniture and fixtures | 2,038.01 | | |
| Jiggs and patterns | 4,033.34 | | 157,405.11 |
| Machinery | 2,460.71 | | |
| Merchandise | 49,086.10 | Deficit | 78,103.40 |
| Patents | 15,000.00 | | |
| Tools | 2,602.04 | | |
| Stocks and bonds | 50.00 | | |
| | 79,301.71 | | |

Otto F. Stifel kept a regular set of books of his personal affairs. Stifel did not ascertain the notes to be worthless and charge them off on his books during the taxable period involved, nor was any deduction claimed therefor in the income-tax return filed for him for the said period, January 1 to August 18, 1920.

The patents owned by the One Wheel Truck Co. were of a value less than $15,000.

### OPINION.

LITTLETON: The decedent maintained personal books of account. Although he was an officer and a stockholder of the One Wheel Truck Co. and was familiar with its financial condition prior to his death, there is no evidence that he considered the notes which he held to be worthless. He did not charge them off on his books of account. Counsel for the estate contends " that the fact that the notes of the One Wheel Truck Co. were not charged off on the taxpayer's books is wholly immaterial as bearing upon the issue since said fact constitutes merely a bookkeeping entry or may be ascribed to faulty

bookkeeping, and does not in itself affect or alter the worthlessness of the debts. Furthermore, it is a well known and established fact that mere bookkeeping entries can not create income or affect the income, but the facts underlying such entries must determine the tax liability of a taxpayer."

Section 214 (a) (7) of the Revenue Act of 1918 provides that in computing net income there shall be allowed as deductions debts ascertained to be worthless *and charged off* within the taxable year. Under the provisions of the statute, it is necessary to an allowance of a deduction for bad debts that such debts shall have been ascertained to be worthless and charged off. In *Ed. C. Lasater*, 1 B. T. A. 956, the Board held that " Under the provisions of the Revenue Act of 1918 a so-called bad debt is an allowable deduction from gross income only when ascertained to be worthless and charged off within the taxable period. The charging off of bad debts should, in the case of a taxpayer keeping regular books of account, be evidenced by such book entries as will effectually eliminate the amount of the bad debt from the book assets of the taxpayer." See also *Winthrop Ames*, 1 B. T. A. 63; *Greenville Textile Supply Co.*, 1 B. T. A. 152; *Donalsonville Oil Mill*, 1 B. T. A. 167; *Murchison National Bank*, 1 B. T. A. 617; *Jessie B. Wadsworth, Executrix*, 1 B. T. A. 1043; *Dover Iron Co.*, 1 B. T. A. 1123; *Mason Machine Works Co.*, 3 B. T. A. 745.

*Judgment will be entered for the respondent.*

Considered by SMITH.